Orville **PORTELL**, Plaintiff–Appellant,

v.

**FARM BUREAU TOWN AND COUNTRY INSURANCE CO. OF MISSOURI,** Defendant–Respondent.

No. 65081.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 6, 1994.

C. William Portell, Jr., Chused, Bini, Kohn, Feldmann & Steib, P.C., St. Louis, for appellant.

Theodore G. Pashos, Amy L. Symons, Amelung, Wulff and Willenbrock, P.C., St. Louis, for respondent.

CRANDALL, Judge.

Plaintiff, Orville Portell, appeals from the trial court's grant of summary judgment in favor of defendant, Farm Bureau Town & Country Insurance Company of Missouri (Farm Bureau) in plaintiff's action for breach of an insurance contract. We affirm.

A house owned by plaintiff and insured by Farm Bureau sustained partial fire damage. On November 28, 1989, plaintiff and Farm Bureau executed a document, and Farm Bureau paid plaintiff $20,000. The document provided, in pertinent part:

Under the SETTLEMENT AND VALUATION. (sic), clause of the policy on page 8 number 7. (sic) 'until the actual repair or restoration or replacement is completed. (sic) In the event you do not decide to repair or replace the damaged, destroyed or stolen property, payment will be then made on an actual cash value basis. However, you may make a futher (sic) claim within 180 days after the date of the settlement for any additional payments.'

So based on this loss we are making payment on the basis of Actual Cash Value basis on the dwelling. The low estimate was ... in the amount of $29,150.00 we (sic) are making a payment of $20,000 under (sic) the dwelling at this time and will owe an additional $9,050.00 after repairs have been made within the time limit above stated and per the specifications of the ... estimate ...

If the dwelling is not rebuilt no additional payment will be due ...

When Farm Bureau refused to pay the balance of the replacement costs, plaintiff brought an action for the $9,050, plus damages for vexatious delay, attorney fees and costs. Farm Bureau filed a motion for summary judgment, contending that because the repairs were not completed within 180 days, it was not obligated to pay the $9,050 balance. The trial court granted Farm Bureau's motion.

On appeal, plaintiff claims the trial court erred because the 180 day provision in the November 28, 1989 document violates § 379.150, RSMo 1986, and the terms of the insurance contract.[1] It is clear from the record that plaintiff executed the document, that one of the signatures on the document was that of plaintiff's former wife, and that the actual repair of the insured premises was not completed within 180 days of the document's execution. The insurance policy provided, in pertinent part:

However, this replacement cost does not apply and actual cash value settlement will be used:

7. Until the actual repair or restoration or replacement is completed. In the event you do not decide to repair or replace the damaged, destroyed or stolen property, payment will be then made on an actual cash value basis. However, you may make a further claim within 180 days after the date of the loss for any additional payments.

■ Here, the plaintiff signed a settlement document concerning a claim which involved a dispute over plaintiff's damages and the date the 180 day replacement period would begin. The settlement of a bona fide dispute between parties regarding liability is sufficient consideration for an agreement by the insured to accept less than the amount fixed by the policy. *Noble v. Missouri Insurance Co.*, 204 S.W.2d 446, 449 (1947).

---

1. § 379.150, RSMo 1986, provides:

Whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured.

When plaintiff signed the document, he elected to take the actual cash value settlement, which was a sum of money equal to the damage done to the property, instead of electing to restore the house to the condition it was in prior to the fire. This election was authorized by the terms of the insurance policy quoted above. The settlement document offered an additional option to the plaintiff, to submit a claim for an additional payment of $9,050, if plaintiff completed repairs to the property within 180 days. This offer actually extended the terms of the policy because Farm Bureau agreed to allow the 180 day period to run from the date the settlement was signed instead of the date of loss as provided by the policy.

Plaintiff obligated himself to these terms by signing the November 28, 1989, settlement document. Plaintiff admittedly failed to complete the repairs within 180 days, and thus never exercised the option.

Section 379.150 provides that the insurer shall pay a sum equal to the amount of damage done to the property or repair the property to the extent of the damage. In the November 28, 1989, document, plaintiff elected to receive a sum equal to the amount of damage done to the property. An insurer has a duty to pay for repairs, replacement, or restoration once the insured has exercised the option to restore the damaged property. See Samuels v. Illinois Fire Insurance Co., 354 S.W.2d 352 (Mo.Ct.App.1961). However, plaintiff here did not exercise his option to restore his damaged property. Plaintiff settled for the actual cash value of the damaged property. Once plaintiff chose this election, Farm Bureau satisfied its statutory obligation by paying plaintiff the $20,000. The option, whereby plaintiff could collect $9,050 more if he later decided to restore his property to the condition it was in before the fire and did so within 180 days, was an additional benefit that went beyond the statutory requirement of § 379.150, RSMo 1986. Since plaintiff did not abide by the terms of the document concerning this option, Farm Bu-

reau had no duty to pay the additional $9,050. Plaintiff's point is denied.

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concur.